**Richard Edward STOKES,
Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–647–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1985.

Terrill L. Flenniken, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Wilford Anderson, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of aggravated robbery. The jury found the Appellant Richard Edward Stokes, Jr. (Stokes or Appellant) guilty. The punishment hearing was delayed, however, when Appellant failed to return to court. The trial court overruled defense counsel's objection to proceeding in the Appellant's absence and held the hearing without him. The jury assessed his punishment at ninety-nine years in the Texas Department of Corrections plus a fine of $10,000.

Appellant does not challenge the sufficiency of the evidence to sustain his conviction. Briefly, then, the facts surrounding it include complainant's testimony that she was confronted by a man at her front door who forced his way inside and sexually assaulted her. He took her wallet and driver's license and forced her to make out several checks payable to cash. Appellant left and was apprehended following several attempts to cash the checks at complainant's bank.

In two grounds of error, Appellant argues that the trial court erred in proceeding with the punishment phase of trial in his absence in violation of his right to cross-examination guaranteed by the United States and Texas Constitutions and in violation of TEX.CODE CRIM.PROC.ANN. art. 33.03. He claims the trial court had insufficient evidence upon which to base its conclusion that Appellant had voluntarily absented himself from trial.

A defendant must appear in person at his trial on a felony charge unless he voluntarily absents himself after he enters his plea or after the jury has been selected. TEX.CODE CRIM.PROC.ANN. art. 33.03 (Vernon Supp.1985); *Gonzales v. State*, 515 S.W.2d 920, 921 (Tex.Crim.App.1974). The guilt phase of Appellant's trial, which he attended, was completed on July 12; the punishment phase was to commence the following morning. On the morning of July 13, the court was informed that Appellant was no longer in the custody of the Sheriff's Department and that for approximately five hours that morning various officers and others had been trying to locate him. After discussion with counsel for both sides, the judge postponed the trial until the following Monday morning. On that day, July 16, the court held a hearing to determine whether Appellant had voluntarily absented himself from the proceedings. Following that hearing, the punishment phase of the trial was conducted before the jury.

According to testimony received at that hearing, the day the punishment trial was set, July 13, Appellant did not respond to the rollcall for inmates who were due in court that day. Deputies were then instructed to search the cell blocks and holdover cells for him; Appellant was not located among the inmates who were checked. The supervisor in the area then notified the detention center and a holdover facility in outlying areas where Appellant apparently was sent following the guilt phase of the trial. The supervisor testified that, based on his own investigation, he did not know where Appellant was at that time but did know that he was not in custody. He testified that Appellant had been housed at the Rehabilitation Center, but he had no personal knowledge concerning whether Stokes was given permission to leave or was mistakenly released.

A detective for the Sheriff's Department testified that she received information that Friday morning, July 13, that Appellant had escaped. Escape charges were subsequently filed against him. In filing the charges she used the affidavits of several persons regarding the circumstances under which Appellant left the custody of the Sheriff's Department. One of the affidavits was that of an employee of the Sheriff's Department who stated that Appellant was not on the bus which brought prisoners to the courthouse on the morning of July 13. The detective could not testify from her personal knowledge that Appellant voluntarily absented himself from the custody of the Sheriff's Department. The bailiff for the court in which Appellant was tried testified that the last time Appellant was in his custody was on Thursday, July 12, when the bailiff took him from the

courtroom to the "court holdover" and turned him over to other jail personnel.

Defense counsel objected to the continuation of the trial following the testimony of these witnesses for the State on the grounds that the State had not met its burden of showing that Appellant voluntarily absented himself in this case. The court overruled the objection.

An appellate court will not disturb the trial court's finding that an appellant voluntarily absented himself from trial when the appellant fails to put on any evidence to refute that determination. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim.App.1984) (en banc). Appellant here did not present any evidence on the matter. Further, the *Moore* court, in reviewing the evidence before the trial court when it determined that the defendant voluntarily absented himself from a portion of the trial, stated that it was "apparent that the trial court had *some* evidence before it to support its conclusion." (Emphasis added). And "since the trial court could have reasonably inferred from the information before it that appellant voluntarily absented himself, the court did not abuse its discretion" in proceeding with the trial. *Id.* It is likewise true in the instant case that the evidence before the trial court was such that it could have reasonably inferred that Appellant's absence from the courtroom was voluntary.

The *Moore* court also held that a review court may consider evidence which develops subsequent to the ruling. *Id.; See Johnston v. State*, 477 S.W.2d 891, 893, fn. 1 (Tex.Crim.App.1972); *Reed v. State*, 172 Tex.Crim. 122, 353 S.W.2d 850, 851 (1962). At Appellant's sentencing in September, 1984, the judge questioned Appellant about his financial resources for an appeal. The Appellant responded that he would not be sure how much money he had until "... I get the records straightened out as to where all my property is and everything from the Rehab Center, the Detention Center *when I got away from them.*" (Emphasis added). The Court responded, "Your records got away from you?" Appellant subsequently answered concerning

the amount of money he had. The State claims that his remark actually was a reference to his escape.

We find that the evidence before the trial court at the time of its ruling was sufficient to support the finding that Appellant had voluntarily absented himself from the trial court for the punishment phase of the trial. Further credibility to this determination may be found in Appellant's admission to the court at sentencing. The trial court did not err in proceeding with the trial. We overrule the first and second grounds of error.

Appellant has submitted an additional brief to this Court styled "Amended Pro Se Brief" "Petition for Writ of Habeas Corpus" in support of his prayer for a reversal of his illegal conviction. However, as he is represented by counsel who filed the original brief in this case, he is not entitled to hybrid representation, and the pro se brief presents nothing for our review. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App.1981); *La Bome v. State*, 624 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981, no pet.).

We affirm the judgment of the trial court.