LAREZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-421-CR

ARMANDO ORTIZ LAREZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Armando Ortiz Larez appeals his conviction for possession of a controlled substance with intent to deliver.  In two issues, he contends that the trial court violated his due process rights by conducting the sentencing hearing in his absence and that the trial court’s oral pronouncement of his sentence should control over the sentence in the judgment.  We reform the trial court’s judgment to delete the $10,000 fine and affirm the judgment as reformed.

Appellant made an open plea of guilty to the trial court on February 26, 1999.  The trial court found sufficient evidence of guilt, but deferred finding appellant guilty until it received a presentencing investigation report.  On April 16, 1999, appellant’s bond was revoked, and a warrant was issued for appellant’s arrest.  Appellant’s punishment hearing was scheduled on the trial court’s sentencing docket for June 21, 1999.  Appellant did not appear at the June 21, 1999 hearing, but an attorney purporting to be appellant’s counsel appeared and announced ready.  The attorney did not introduce any evidence of appellant’s whereabouts, but objected to the State’s introduction of evidence because “there’s no presence of the defendant.”  The trial court found that appellant’s absence was due to either “a lack of interest or the fact that he has absconded” and proceeded to find appellant guilty.  The judge then stated, “I’m going to assess punishment at life in the institutional division with the Texas Department of Criminal Justice and a $10,000 fine.”

On September 17, 2001, appellant appeared in open court pursuant to a bench warrant, and an assigned judge, who had not assessed punishment on June 21, 1999, orally sentenced appellant to life imprisonment.  The trial court’s judgment shows his sentence as life imprisonment and a $10,000 fine. 

In his first point, appellant contends that the trial court erred in conducting the June 21, 1999 sentencing hearing and pronouncing his sentence on that day in his absence.  A trial court may not pronounce sentence on a felony defendant in absentia.  
Tex. Code Crim. Proc. Ann.
 art. 42.03, § 1(a) (Vernon Supp. 2003).  But the court’s docket entries, the certificate of proceeding, and the trial court’s own words indicate that the trial court only assessed punishment on June 21, 1999.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07 (Vernon 1981 & Supp. 2003) (describing assessment of punishment), art. 42.02 (Vernon Supp. 2003) (providing that the sentence is the part of a judgment that orders the assessed punishment be executed in the manner prescribed by law), & art. 42.03 (Vernon Supp. 2003) (providing for the pronouncement of sentence in open court).  Accordingly, we hold that the trial court only assessed appellant’s punishment on June 21, 1999 and did not pronounce appellant’s sentence in open court until September 17, 2001.

Further, a felony trial may not take place in the defendant’s absence unless the defendant “voluntarily absents himself after pleading to the indictment or information.” 
 Id
. art. 33.03 (Vernon 1989).  A trial court’s determination that a defendant’s absence is voluntary is subject to an abuse of discretion review.  
See Moore v. State
, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).  An appellate court will not disturb the trial court’s finding that an appellant voluntarily absented himself from trial when the appellant fails to put on any evidence to refute that determination.  
Id
.; 
Stokes v. State
, 701 S.W.2d 54, 56 (Tex. App.—Houston [14
th
 Dist.] 1985, no pet.).

In this case, the attorney purporting to be appellant’s counsel did not introduce any evidence that appellant’s absence was involuntary.  While the trial court did not allow appellant to introduce evidence regarding the reasons for his absence on June 21, 1999 at the September 17, 2001 sentencing, appellant did not file a motion for new trial alleging that he was unlawfully tried in absentia; therefore, he did not preserve this issue for our review.  
See
 
Tex. R. App. P.
 21.2 (providing that a motion for new trial is a prerequisite to appeal when necessary to adduce facts not in the record), 21.3(a) (felony defendant must be granted a new trial when he has been unlawfully tried in absentia), 33.1(a)(1) (providing that timely objection, request, or motion is necessary to preserve error for appellate review); 
Heard v. State
, 887 S.W.2d 94, 98 (Tex. App.—Texarkana 1994, pet. ref’d) (describing evidence appellant introduced at hearing on motion for new trial as proof that his absence from trial was not voluntary).  Accordingly, we hold that the trial court did not abuse its discretion in finding that appellant was voluntarily absent on June 21, 1999 and concluding appellant’s trial in his absence.  
See Gonzales v. State
, 515 S.W.2d 920, 920-21 (Tex. Crim. App. 1974) (holding that trial court did not abuse its discretion in finding that defendant was voluntarily absent from trial when defendant did not appear at punishment phase of trial, but was present for sentencing, and did not introduce any evidence of reasons for his absence).

In appellant’s second issue, he contends that the trial court erred in including a $10,000 fine as part of his sentence in the judgment because the trial court did not include the fine when pronouncing appellant’s sentence in  open court.  When there is a variance between the oral pronouncement of sentence and its written memorialization, the oral pronouncement controls.  
Coffey v. State
, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  On September 17, 1999, the trial court pronounced appellant’s sentence as follows: “Mr. Armando Larez, you are hereby sentenced to serve life in the Institutional Division of the Texas Department of Criminal Justice.”  The court did not mention the $10,000 fine.  Accordingly, we hold that the trial court erred in including the $10,000 fine in the judgment and sustain appellant’s second issue.  
See id
.  

Having overruled appellant’s first issue and sustained his second issue, we reform the trial court’s judgment to delete the $10,000 fine from appellant’s sentence and affirm the judgment as reformed.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.