COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-421-CR
 
ARMANDO ORTIZ LAREZ           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Armando Ortiz Larez appeals his
conviction for possession of a controlled substance with intent to deliver. In
two issues, he contends that the trial court violated his due process rights by
conducting the sentencing hearing in his absence and that the trial court's oral
pronouncement of his sentence should control over the sentence in the judgment.
We reform the trial court's judgment to delete the $10,000 fine and affirm the
judgment as reformed.
Appellant made an open plea of guilty to
the trial court on February 26, 1999. The trial court found sufficient evidence
of guilt, but deferred finding appellant guilty until it received a
presentencing investigation report. On April 16, 1999, appellant's bond was
revoked, and a warrant was issued for appellant's arrest. Appellant's punishment
hearing was scheduled on the trial court's sentencing docket for June 21, 1999.
Appellant did not appear at the June 21, 1999 hearing, but an attorney
purporting to be appellant's counsel appeared and announced ready. The attorney
did not introduce any evidence of appellant's whereabouts, but objected to the
State's introduction of evidence because "there's no presence of the
defendant." The trial court found that appellant's absence was due to
either "a lack of interest or the fact that he has absconded" and
proceeded to find appellant guilty. The judge then stated, "I'm going to
assess punishment at life in the institutional division with the Texas
Department of Criminal Justice and a $10,000 fine."
On September 17, 2001, appellant appeared
in open court pursuant to a bench warrant, and an assigned judge, who had not
assessed punishment on June 21, 1999, orally sentenced appellant to life
imprisonment. The trial court's judgment shows his sentence as life imprisonment
and a $10,000 fine.
In his first point, appellant contends
that the trial court erred in conducting the June 21, 1999 sentencing hearing
and pronouncing his sentence on that day in his absence. A trial court may not
pronounce sentence on a felony defendant in absentia. Tex. Code Crim. Proc. Ann.
art. 42.03, § 1(a) (Vernon Supp. 2003). But the court's docket entries, the
certificate of proceeding, and the trial court's own words indicate that the
trial court only assessed punishment on June 21, 1999. See Tex. Code
Crim. Proc. Ann. art. 37.07 (Vernon 1981 & Supp. 2003) (describing
assessment of punishment), art. 42.02 (Vernon Supp. 2003) (providing that the
sentence is the part of a judgment that orders the assessed punishment be
executed in the manner prescribed by law), & art. 42.03 (Vernon Supp. 2003)
(providing for the pronouncement of sentence in open court). Accordingly, we
hold that the trial court only assessed appellant's punishment on June 21, 1999
and did not pronounce appellant's sentence in open court until September 17,
2001.
Further, a felony trial may not take place
in the defendant's absence unless the defendant "voluntarily absents
himself after pleading to the indictment or information." Id. art.
33.03 (Vernon 1989). A trial court's determination that a defendant's absence is
voluntary is subject to an abuse of discretion review. See Moore v. State,
670 S.W.2d 259, 261 (Tex. Crim. App. 1984). An appellate court will not disturb
the trial court's finding that an appellant voluntarily absented himself from
trial when the appellant fails to put on any evidence to refute that
determination. Id.; Stokes v. State, 701 S.W.2d 54, 56 (Tex.
App.--Houston [14th Dist.] 1985, no pet.).
In this case, the attorney purporting to
be appellant's counsel did not introduce any evidence that appellant's absence
was involuntary. While the trial court did not allow appellant to introduce
evidence regarding the reasons for his absence on June 21, 1999 at the September
17, 2001 sentencing, appellant did not file a motion for new trial alleging that
he was unlawfully tried in absentia; therefore, he did not preserve this issue
for our review. See Tex. R. App. P. 21.2 (providing that a motion for
new trial is a prerequisite to appeal when necessary to adduce facts not in the
record), 21.3(a) (felony defendant must be granted a new trial when he has been
unlawfully tried in absentia), 33.1(a)(1) (providing that timely objection,
request, or motion is necessary to preserve error for appellate review); Heard
v. State, 887 S.W.2d 94, 98 (Tex. App.--Texarkana 1994, pet. ref'd)
(describing evidence appellant introduced at hearing on motion for new trial as
proof that his absence from trial was not voluntary). Accordingly, we hold that
the trial court did not abuse its discretion in finding that appellant was
voluntarily absent on June 21, 1999 and concluding appellant's trial in his
absence. See Gonzales v. State, 515 S.W.2d 920, 920-21 (Tex. Crim. App.
1974) (holding that trial court did not abuse its discretion in finding that
defendant was voluntarily absent from trial when defendant did not appear at
punishment phase of trial, but was present for sentencing, and did not introduce
any evidence of reasons for his absence).
In appellant's second issue, he contends
that the trial court erred in including a $10,000 fine as part of his sentence
in the judgment because the trial court did not include the fine when
pronouncing appellant's sentence in open court. When there is a variance between
the oral pronouncement of sentence and its written memorialization, the oral
pronouncement controls. Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim.
App. 1998). On September 17, 1999, the trial court pronounced appellant's
sentence as follows: "Mr. Armando Larez, you are hereby sentenced to serve
life in the Institutional Division of the Texas Department of Criminal
Justice." The court did not mention the $10,000 fine. Accordingly, we hold
that the trial court erred in including the $10,000 fine in the judgment and
sustain appellant's second issue. See id.
Having overruled appellant's first issue
and sustained his second issue, we reform the trial court's judgment to delete
the $10,000 fine from appellant's sentence and affirm the judgment as reformed.
 
                                                                               
TERRIE LIVINGSTON
                                                                               
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 6, 2003]

1. See Tex. R. App. P. 47.4.