**Dismissed and Memorandum Opinion filed August 5, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00325-CR
_____

## EX PARTE CALVIN T. POWELL

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1378175**

# M E M O R A N D U M   O P I N I O N

Appellant filed a notice of appeal from the denial of his pro se pre-trial application for writ of habeas corpus alleging he was illegally restrained in the underlying criminal case.[1] On June 17, 2014, appellant entered a plea of guilty to delivery of between four and 200 grams of cocaine in the companion case docketed in cause number 1396247. The trial court sentenced appellant to confinement in the

---

[1] The record reflects counsel was appointed to represent appellant in the underlying criminal case and the companion case. Appellant's appointed counsel advised this court that he has not joined appellant's pro se application for writ of habeas corpus because he believes it to be frivolous. Appellant is not entitled to hybrid representation. *Stokes v. State*, 701 S.W.2d 54, 56 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (citing *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981)).

Institutional Division of the Texas Department of Criminal Justice for twelve years. Appellant filed a notice of appeal from the conviction, and the appeal is pending in this court under our appellate case number 14-14-00567-CR. Because appellant was convicted in cause number 1396247, the State moved to dismiss the underlying criminal in this cause. On June 17, 2014, the trial court signed an order dismissing the cause docketed under number 1378175.

A conviction after a plea of guilty generally renders issues regarding pre-trial restraint moot. *See Ex parte Morgan*, 335 S.W.2d 766, 766 (Tex. Crim. App. 1960); *Ex parte Bennet*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (stating that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot."). Similarly, the dismissal of the underlying case also renders issues related to pre-trial restraint moot. *See Hubbard v. State,* 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices McCally, Brown, and Wise.