**Affirmed and Memorandum Opinion filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00267-CR

### LASONYA MICHELLE WHITE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1319593**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lasonya Michelle White of possession of a controlled substance, sentenced her to confinement for eighteen months and assessed a $1,000 fine. Appellant filed a timely notice of appeal. We affirm.

In two issues, appellant claims the evidence is legally and factually insufficient to support her conviction. Specifically, appellant claims the State failed

to establish beyond a reasonable doubt that she intentionally or knowingly possessed the cocaine.[1]

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

The Court of Criminal Appeals has determined that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *See Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011) (per curiam). Therefore, in analyzing appellant's challenges to the legal and factual sufficiency of the evidence, we will apply the *Jackson v. Virginia* standard of review as articulated in the preceding paragraph.

Officer Zamora was conducting surveillance on a home and observed activity consistent with narcotics trafficking. After a confidential informant

---

[1] Appellant has filed two briefs in this case, one through her court-appointed lawyer and the other written in her own hand. We do not consider the arguments presented in appellant's hand-written brief because appellant is not entitled to hybrid representation. *See Scheanette v. State*, 144 S.W.3d 503, 505 n. 2 (Tex. Crim. App. 2004). *See also Stokes v. State*, 701 S.W.2d 54, 56 (Tex. App.—Houston [14th Dist.] 1985, no pet.).

purchased narcotics at that location, a search warrant was obtained. Zamora testified that officers drove up to the house and he observed a male with a female who was later identified as appellant; they ran inside the house. Zamora and Officer Castro chased them through the house. Zamora saw the man run out first, and then the woman, but the woman fell and hit the ground. Zamora took her into custody and at that time saw her discard what he believed to be crack cocaine on the ground. Zamora testified no other persons were near the back door where appellant had fallen and the crack rock that he found was within arm's reach of appellant. Zamora bagged the suspected crack rock as evidence and it later tested positive for cocaine content.

Quintonn Allen, appellant's cousin, testified that he was in the front yard that night and appellant was not out front. According to Allen, officers did not chase appellant from the front porch to the back yard. Allen testified that he did not see appellant with crack cocaine that night. Reiko Allen, Quintonn's mother, also testified that she had never seen appellant with cocaine. Jason Castillo testified that appellant was not outside on the porch when the police arrived. He had not seen appellant use cocaine or have possession of it.

Appellant testified that she was in the master bedroom, not on the front porch, when the police arrived. She heard running through the house and went to the back door where she fell on the steps. Appellant disagreed with Officer Zamora's testimony that she was running through the house and said that she was never in the front. Appellant denied having any crack cocaine that night and did not see the officers find any drugs.

To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that appellant knowingly or intentionally possessed less than one gram of cocaine. Tex. Health & Safety Code § 481.115(b). In that

3

connection, the State was required to establish that appellant exercised control, management, or care over the cocaine and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's connection with the contraband must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id*. at 162.

Presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "affirmative links"), can establish possession. *Id*. The logical force of all of the evidence—not the number of affirmative links—is dispositive. *Id.* In the context of a charge of possession of a controlled substance, the following affirmative links, among others, have been considered in other cases: (1) the accused was the owner of the place where the contraband was found; (2) the physical condition of the accused indicated recent consumption of the contraband in question; (3) conduct by the accused indicated a consciousness of guilt; (4) the accused made furtive gestures; (5) the accused was observed in a suspicious area under suspicious circumstances; (6) the contraband was found in close proximity to the accused; (7) the accused made incriminating statements connecting the accused to the contraband; and (8) the contraband was recovered from an enclosed space. *See Black v. State*, 411 S.W.3d 25, 29 (Tex.App.—Houston [14th Dist.] 2013, no pet.).

In this case, the contraband was found at appellant's home. Appellant was in a home under surveillance for narcotics trafficking and where a confidential informant had purchased narcotics. Appellant's flight from officers indicated a consciousness of guilt. When she was taken into custody, appellant tossed away something that the officer believed to be crack cocaine. The contraband was found where the officer witnessed the item was thrown by appellant. We conclude the

evidence establishes appellant's connection to the cocaine, not merely fortuitous proximity.

Appellant argues there was controverting evidence and that the evidence that other people had access to the area supports an inference of innocence. The jury heard evidence from witnesses and appellant as to her location during the raid the jury also heard appellant testify that she did not have any crack cocaine in her possession. In reviewing the sufficiency of the evidence, we do not reevaluate the credibility of the witnesses. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Issues of credibility are resolved by the jury. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). The jury, as the sole judge of the facts and credibility of the witnesses, was entitled to believe Zamora's testimony that he saw appellant throw the rock of crack cocaine.

We conclude that a rational juror could have found beyond a reasonable doubt that appellant intentionally or knowingly exercised care, custody, control, or management over the cocaine. Accordingly, we overrule appellant's issues and affirm the trial court's judgment.


/s/     Martha Hill Jamison
        Justice



Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).


5