COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-027-CR

 

 

SCOTT DEWAYNE BALLARD                                                 APPELLANT

A/K/A
DEWAYNE BALLARD

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In two points, Ballard argues
that the trial court violated article 33.03 of the Texas Code of Criminal
Procedure and that he received ineffective assistance of counsel.  We affirm.

 

 








I. Background

Ballard pled guilty to the
offense of driving while intoxicated and pled true to one enhancement count and
seven habitual counts.  Ballard chose to
have a jury assess punishment, and voir dire for Ballard=s case commenced on the afternoon of December 11, 2006.  Several members of the venire panel in
Ballard=s case had also participated in voir dire in an unrelated case earlier
that morning in the same court with the same presiding judge.  The prosecutor in Ballard=s case had also participated in this earlier voir dire.[2]  During voir dire in Ballard=s case, the prosecutor referenced her notes and observations from the
morning session, noting whether certain panel members had already answered her
standard questions.  Ballard=s counsel did not object to this process at any time during Ballard=s case.  At the conclusion of
the punishment phase, the jury assessed punishment at 99 years= confinement, and the trial court sentenced Ballard accordingly.

 

 








II. Discussion

A.     Article 33.03

In his first point, Ballard
argues that the trial court erred by conducting voir dire in a manner that
violated article 33.03 of the Texas Code of Criminal Procedure.  Article 33.03 states in pertinent part that Ain all prosecutions for felonies, the defendant must be personally
present at the trial . . . .@  Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006).  Under Article 33.03, an accused's right to be
present at his trial is unwaivable until such a time as the jury Ahas been selected.@  Id.; Miller v. State,
692 S.W.2d 88, 91 (Tex. Crim. App. 1985). 
Ballard contends that by allowing the adoption of those responses
received in the earlier voir dire session for use in choosing Ballard=s jury, the trial court erroneously made the previous voir dire
session a part of Ballard=s
trial.  Thus, Ballard argues that because
he was not present at the earlier voir dire session, he was not present at his
trial.








As we previously held in Lain
v. State, we cannot accept Ballard=s premise that an earlier voir dire involving the same prosecutor and
many of the same venire panel members constitutes voir dire in Ballard=s case for the purposes of article 33.03.  No. 2‑06‑00325‑CR, 2007 WL
2331017, at *3 (Tex. App.CFort Worth
Aug. 16, 2007, no pet.) (mem. op.) (not designated for publication) (citing Adanandus
v. State, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993), cert. denied,
510 U.S. 1215 (1994)).  Indeed, Ballard
was given full opportunity to voir dire the entire panel, including those
members that participated in the earlier voir dire.  See Adanandus v. State, 866
S.W.2d at 217 (AAppellant=s absence for part of the voir dire examination was essentially >undone= due to
re-examination in appellant=s presence of the eight venirepersons that had been voir dired in his
absence.  Because appellant was provided
the opportunity to fully voir dire in his presence each of the venirepersons
who were previously voir dired in his absence, the purposes of the statute were
met and no error occurred.@).[3]








Ballard also argues that the
voir dire process violated his right to confrontation under the United States
and Texas constitutions, his right to due process of the law, and his right to
equal protection of the law.  Although he
discussed in his brief on appeal his right to confrontation, Ballard only briefly
mentions his rights to due process and equal protection and fails to discuss
how those constitutional protections would be applied in this case.  Further, like the appellant in Lain,
Ballard has failed to differentiate these arguments from his argument regarding
article 33.03.  See Lain, 2007 WL
2331017, at *3 (overruling due process claim because the court could not
discern how the constitutional argument differed from argument under article
33.03).  Moreover, because Ballard was
present at his own trial and failed to object to the voir dire process,
we hold that Ballard has failed to preserve error.  See Tex.
R. App. P. 33.1(a)(1); Saldano v. State, 70 S.W.3d 873,
889B90 (Tex. Crim.
App. 2002) (holding that even errors that involve defendant=s constitutional
rights, including equal protection, require the defendant to object in a timely
and specific manner); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070
(1999). 
Accordingly, we overrule Ballard=s first point.

B.     Effective Assistance of Counsel

In his second point, Ballard
argues that he received ineffective assistance of counsel because counsel
failed to (1) object to the manner in which the trial court conducted voir
dire, (2) effectively voir dire the panel, and (3) effectively argue on Ballard=s behalf during closing argument.[4]








To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).[5]








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).

To overcome the presumption
of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id., (quoting Thompson, 9
S.W.3d at 813).  It is not appropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata
v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).  A[T]rial counsel should ordinarily be afforded an opportunity to
explain his actions before being denounced as ineffective.@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005). 
Absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was Aso outrageous that no competent attorney would have engaged in it.@  Id.








The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

1.     Failure to Object  

Ballard argues that counsel=s failure to object to the voir dire process constituted ineffective
assistance of counsel.  However, because
we held above that there was no error in the voir dire process, we cannot say
that counsel was ineffective by failing to object.  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Lain, 2007 WL 2331017, at *3.

2.     Voir Dire     








Ballard argues that counsel
was also ineffective by failing to properly voir dire the panel.  Ballard bases this contention on two separate
acts of omission.  First, Ballard contends
that his counsel was ineffective because she failed to adequately explain to
the panel why the range of punishment was 25 to 99 years or life, and why
certain defendants might deserve the minimum versus the maximum sentence.  The record shows that Ballard=s counsel discussed the range of punishment and the importance of the
jury=s role in assessing punishment because of the Aenormous@ difference
between 25 and 99 years. Counsel also collectively asked that the panel members
listen to the evidence and base their determination on the truth.  She then asked individual members if they
were capable of being fair and listening to all of the evidence.

While counsel=s voir dire may have been brief, we cannot say that her conduct was Aso outrageous that no competent attorney would have engaged in it.@  See Goodspeed,
187 S.W.3d at 392.  Further, counsel
stated on the record that she planned on keeping voir dire brief because the
prosecutor had already been very thorough in her questioning.  The prosecutor explained multiple times why
the punishment range increased and asked the prospective jurors how they felt
about the law increasing the punishment range for habitual offenders.  Based on the undeveloped record, we cannot
say that Ballard has overcome the presumption that counsel provided reasonable
representation.  See Salinas, 163
S.W.3d at 740; Thompson,  9 S.W.3d
at 813B14.








In his second contention
based on counsel=s
performance in voir dire, Ballard argues that counsel failed to inquire about
the inherent bias against him from certain panel members that had been victims
of vehicle theft.  Ballard points out
that this issue was crucial to his case because he had been twice convicted of
theft and twice convicted of unauthorized use of a motor vehicle. Again, the
record is silent as to why counsel chose not to delve deeper into this issue;
thus, Ballard has presented no evidence to rebut the presumption that counsel provided
reasonable professional assistance. 
See Salinas, 163 S.W.3d at 740; Thompson,  9 S.W.3d at 813B14.

3.     Closing Argument        

Lastly, Ballard contends that
counsel was ineffective by failing to provide any guidance during closing
argument with regard to leniency. 
Ballard=s main
complaint is that counsel did not explain that six of Ballard=s felony convictions occurred two decades ago on two dates.  Despite Ballard=s assertion that counsel failed to argue certain specific points
regarding his prior convictions, the record reflects that counsel did in fact
attempt to minimize Ballard=s past convictions and thus adequately argued for a minimum
sentence.  Ballard=s contention is essentially that he was unsatisfied with counsel=s closing argument, but being unsatisfied with counsel=s representation is certainly not tantamount to receiving ineffective
assistance of counsel.  Ballard has
failed to meet his burden to show that his counsel=s performance fell below the standard of prevailing professional
norms.  See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064.  Accordingly,
we overrule Ballard=s second
point.








III. Conclusion

Having overruled both of
Ballard=s points, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL
A:  HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 24, 2008











[1]See Tex. R.
App. P. 47.4.





[2]It appears from the record that
Ballard=s counsel may have been present at
the morning voir dire session because in her opening remarks to the venire
panel in Ballard=s case, she referenced the panel=s participation in the morning voir
dire session.  She stated that AI=m going to be very short and sweet
because [the State] was very thorough and [you all] have been very thorough
throughout the course of the morning and the afternoon . . . .@





[3]Ballard cites Jasper v. State,
in which the court of criminal appeals held that the defendant=s trial began during general
assembly because the judge that had already been assigned to the defendant=s case also served as judge for the
general assembly and addressed exemptions, qualifications, and excuses with
prospective jurors that had already been assigned to the defendant=s case.  See  61 S.W.3d 413, 423B24
(Tex. Crim. App. 2001).  Thus, Ballard argues that his trial began
during the morning voir dire because the judge in Ballard=s case presided over both trials
and knew that some prospective jurors in the morning voir dire would also
participate in Ballard=s voir dire.  However, because of the holdings in Adanandus
and Lain, we reject Ballard=s argument.





[4]We note that Ballard did not object
to counsel=s representation at trial, but we
do not require the appellant to claim ineffective assistance of counsel at the
time of trial; a timely filed appeal to the court of appeals by
the appellant is a proper procedure for seeking relief.  Robinson v. State, 16 S.W.3d 808, 810
(Tex. Crim. App. 2000).





[5]Ballard incorrectly argues that
claims of ineffective assistance of counsel at the punishment phase are subject
to the standard announced in Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.
Crim. App. 1980), overruled by Hernandez, 988 S.W.2d at 772.  However, these claims are now subject to both
prongs of the Strickland test.  See
Hernandez, 988 S.W.2d at 770B72.