COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-027-CR

SCOTT DEWAYNE BALLARD APPELLANT

A/K/A DEWAYNE BALLARD

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two points, Ballard argues that the trial court violated article 33.03 of the Texas Code of Criminal Procedure and that he received ineffective assistance of counsel.  We affirm.

I. 
Background

Ballard pled guilty to the offense of driving while intoxicated and pled true to one enhancement count and seven habitual counts.  Ballard chose to have a jury assess punishment, and voir dire for Ballard’s case commenced on the afternoon of December 11, 2006.  Several members of the venire panel in Ballard’s case had also participated in voir dire in an unrelated case earlier that morning in the same court with the same presiding judge.  The prosecutor in Ballard’s case had also participated in this earlier voir dire.
(footnote: 2)  During voir dire in Ballard’s case, the prosecutor referenced her notes and observations from the morning session, noting whether certain panel members had already answered her standard questions.  Ballard’s counsel did not object to this process at any time during Ballard’s case.  At the conclusion of the punishment phase, the jury assessed punishment at 99 years’ confinement, and the trial court sentenced Ballard accordingly.

II. 
Discussion

A. Article 33.03

In his first point, Ballard argues that the trial court erred by conducting voir dire in a manner that violated article 33.03 of the Texas Code of Criminal Procedure.  Article 33.03 states in pertinent part that “in all prosecutions for felonies, the defendant must be personally present at the trial . . . .”  
Tex. Code Crim. Proc. Ann.
 art. 33.03 (Vernon 2006).  Under Article 33.03, an accused's right to be present at his trial is unwaivable until such a time as the jury “has been selected.” 
 Id
.; 
Miller v. State
, 
692 S.W.2d 88, 91 (Tex. Crim. App. 1985).  Ballard contends that by allowing the adoption of those responses received in the earlier voir dire session for use in choosing Ballard’s jury, the trial court erroneously made the previous voir dire session a part of Ballard’s trial.  Thus, Ballard argues that because he was not present at the earlier voir dire session, he was not present at his trial.

As we previously held in 
Lain v. State
, we cannot accept Ballard’s premise that an earlier voir dire involving the same prosecutor and many of the same venire panel members constitutes voir dire in Ballard’s case for the purposes of article 33.03.  
No. 2-06-00325-CR, 2007 WL 2331017, at *3 (Tex. App.—Fort Worth Aug. 16, 2007, no pet.) (mem. op.) (not designated for publication) (citing 
Adanandus v. State
, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993), 
cert. denied
, 510 U.S. 1215 (1994)).  Indeed, Ballard was given full opportunity to voir dire the entire panel, including those members that participated in the earlier voir dire.  
See
 
Adanandus v. State
, 866 S.W.2d at 217 (“Appellant’s absence for part of the voir dire examination was essentially ‘undone’ due to re-examination in appellant’s presence of the eight venirepersons that had been voir dired in his absence.  Because appellant was provided the opportunity to fully voir dire in his presence each of the venirepersons who were previously voir dired in his absence, the purposes of the statute were met and no error occurred.”).
(footnote: 3)
 Ballard also argues that the voir dire process violated his right to confrontation under the United States and Texas constitutions, his right to due process of the law, and his right to equal protection of the law.  Although he discussed in his brief on appeal his right to confrontation, Ballard only briefly mentions his rights to due process and equal protection and fails to discuss how those constitutional protections would be applied in this case.  Further, like the appellant in 
Lain
, Ballard has failed to differentiate these arguments from his argument regarding article 33.03.  
See Lain
, 2007 WL 2331017, at *3 (overruling due process claim because the court could not discern how the constitutional argument differed from argument under article 33.03).  Moreover, because Ballard was present 
at his own trial 
and failed to object to the voir dire process, we hold that Ballard has failed to preserve error.  
See
 
Tex. R. App. P
. 
33.1(a)(1)
;
 Saldano v. State
, 70 S.W.3d 873, 889–90 (Tex. Crim. App. 2002) (holding that even errors that involve defendant’s constitutional rights, including equal protection, require the defendant to object in a timely and specific manner); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).
  Accordingly, we overrule Ballard’s first point.

B. Effective Assistance of Counsel

In his second point, Ballard argues that he received ineffective assistance of counsel because counsel failed to (1) object to the manner in which the trial court conducted voir dire, (2) effectively voir dire the panel, and (3) effectively argue on Ballard’s behalf during closing argument.
(footnote: 4)
 To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his
 counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
(footnote: 5)
 In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813–14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).

To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
, (quoting 
Thompson
, 9 S.W.3d at 813).  It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.  
Mata v. State
, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).
  “[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.”  
Goodspeed v. State
, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was “so outrageous that no competent attorney would have engaged in it.”
  
Id
.

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

1. Failure to Object
 

Ballard argues that counsel’s failure to object to the voir dire process constituted ineffective assistance of counsel.  However, because we held above that there was no error in the voir dire process, we cannot say that counsel was ineffective by failing to object.  
See Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064
; 
Lain
, 2007 WL 2331017, at *3.

2. Voir Dire
 

Ballard argues that counsel was also ineffective by failing to properly voir dire the panel.  Ballard bases this contention on two separate acts of omission.  First, Ballard contends that his counsel was ineffective because she failed to adequately explain to the panel why the range of punishment was 25 to 99 years or life, and why certain defendants might deserve the minimum versus the maximum sentence.  The record shows that Ballard’s counsel discussed the range of punishment and the importance of the jury’s role in assessing punishment because of the “enormous” difference between 25 and 99 years. Counsel also collectively asked that the panel members listen to the evidence and base their determination on the truth.  She then asked individual members if they were capable of being fair and listening to all of the evidence.

While counsel’s voir dire may have been brief, we cannot say that her conduct was “so outrageous that no competent attorney would have engaged in it.”  
See
 
Goodspeed
, 187 S.W.3d at 392.  Further, counsel stated on the record that she planned on keeping voir dire brief because the prosecutor had already been very thorough in her questioning.  The prosecutor explained multiple times why the punishment range increased and asked the prospective jurors how they felt about the law increasing the punishment range for habitual offenders.  Based on the undeveloped record, we cannot say that Ballard has overcome the presumption that counsel provided reasonable representation. 
 See 
Salinas
, 163 S.W.3d at 740
; Thompson, 
 9 S.W.3d at 813–14
.

In his second contention based on counsel’s performance in voir dire, Ballard argues that counsel failed to inquire about the inherent bias against him from certain panel members that had been victims of vehicle theft.  Ballard points out that this issue was crucial to his case because he had been twice convicted of theft and twice convicted of unauthorized use of a motor vehicle. Again, the record is silent as to why counsel chose not to delve deeper into this issue; thus, Ballard has presented no evidence to rebut the presumption that counsel provided reasonable professional assistance.
  See 
Salinas
, 163 S.W.3d at 740; 
Thompson, 
 9 S.W.3d at 813–14
.

3. Closing Argument
 

Lastly, Ballard contends that counsel was ineffective by failing to provide any guidance during closing argument with regard to leniency.  Ballard’s main complaint is that counsel did not explain that six of Ballard’s felony convictions occurred two decades ago on two dates.  Despite Ballard’s assertion that counsel failed to argue certain specific points regarding his prior convictions, the record reflects that counsel did in fact attempt to minimize Ballard’s past convictions and thus adequately argued for a minimum sentence.  Ballard’s contention is essentially that he was unsatisfied with counsel’s closing argument, but being unsatisfied with counsel’s representation is certainly not tantamount to receiving ineffective assistance of counsel.  Ballard has failed to meet his burden to show that his counsel’s performance 
fell below the standard of prevailing professional norms.
  
See Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064
.  Accordingly, we overrule Ballard’s second point.

III. 
Conclusion

Having overruled both of Ballard’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 24, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
It appears from the record that Ballard’s counsel may have been present at the morning voir dire session because in her opening remarks to the venire panel in Ballard’s case, she referenced the panel’s participation in the morning voir dire session.  She stated that “I’m going to be very short and sweet because [the State] was very thorough and [you all] have been very thorough throughout the course of the morning and the afternoon . . . .”

3:
Ballard cites 
Jasper v. State
, in which the court of criminal appeals held that the defendant’s trial began during general assembly because the judge that had already been assigned to the defendant’s case also served as judge for the general assembly and addressed exemptions, qualifications, and excuses with prospective jurors that had already been assigned to the defendant’s case.  
See
 
 
61 S.W.3d 413, 423–24 (Tex. Crim. App. 2001).
  Thus, Ballard argues that his trial began during the morning voir dire because the judge in Ballard’s case presided over both trials and knew that some prospective jurors in the morning voir dire would also participate in Ballard’s voir dire.  However, because of the holdings in 
Adanandus
 and 
Lain
, we reject Ballard’s argument.

4:
We note that Ballard did not object to counsel’s representation at trial, but we do not require the appellant to claim ineffective assistance of counsel at the time of trial; 
a timely filed appeal to the court of appeals by the appellant is a proper procedure for seeking relief.  
Robinson v. State
, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000).

5:
Ballard incorrectly argues that claims of ineffective assistance of counsel at the punishment phase are subject to the standard announced in 
Ex parte Duffy
, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980), 
overruled by
 
Hernandez
, 988 S.W.2d at 772.  However, these claims are now subject to both prongs of the 
Strickland
 test.  
See Hernandez
, 988 S.W.2d at 770–72.