HELEN K. HADLEY v. STATE

No. 28,430. June 27, 1956.
Appellant's Motion for Rehearing Overruled
October 10, 1956.
Appellant's Second Motion for Rehearing Overruled.
(Without Written Opinion) November 7, 1956.

*E. Colley Sullivan,* Dallas, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Elbert Hooper, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for theft of a man's suit of the value in excess of $50; the punishment, four years in the penitentiary.

The state's testimony shows that appellant was found in the possession of a suit of clothes which had been recently stolen from Joske's in San Antonio. The circumstances abundantly

authorize the conclusion that appellant was a "shoplifter" and that she acquired the suit by theft.

When the jury was ready to report, appellant was not in the courtroom and could not be found. The trial court received the verdict of the jury in her absence.

It is insisted that the receipt of the verdict in appellant's absence was prohibited by Art. 692, C.C.P.

It will be noted that said article requires that the defendant in a felony case "must be present when the verdict is read unless his absence is wilful or voluntary."

Here, appellant was absent from the courtroom of her own volition, in so far as this record is concerned; there is nothing to show that her absence was other than voluntary on her part.

We are unable to agree that the trial court erred in receiving the verdict in appellant's absence. See: Slaughter v. State, 151 Tex. Cr. R. 156, 205 S.W. 2d 781.

Other questions presented have been examined, and are overruled without discussion.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant insists that the evidence is insufficient to show that the man's suit alleged to have been stolen was of the value of more than $50 at the time of the alleged taking.

Mr. Everts, buyer and manager of the men's clothing department at Joske's, testified that he paid $60 for the suit in question which retailed to the consumer for $100. This testimony was sufficient to show that the suit was of the value of more than $50.

The complaint of the district attorney's argument to the jury that "an eye dropper and a spoon on which the handle was bent into a curve" together with the remark "you know what they use that for" cannot be sustained as the first statement is supported by the evidence admitted without objection and the latter remark is a reasonable deduction from such evidence.

The motion for rehearing is overruled.

Opinion approved by the Court.