## WILLIAM EVERETT REED V. STATE

No. 33,987.   January 10, 1962
Motion for Rehearing Overruled February 28, 1962

*Don Wilson,* and *Robert C. Benavides,* Dallas, for appellant.

*Stanley C. Kirk,* District Attorney, *Stanley M. Vicker,* Assistant District Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for burglary with two prior convictions for offenses less than capital alleged for enhancement; the punishment, life.

The testimony of the pharmacist who closed the drug store about 9 P.M.; the officers who later discovered the forced-open front door of the building which led them to discover the appellant and his companion in the drug store with the cash register broken open, the narcotics drawer open, the appellant's companion with socks on his hands and two bottle of narcotics in his pockets; the owner who testified that he had given no one his consent to break and enter the building or take any property therein is sufficient to sustain the conviction for burglary.

Proof was offered of two prior convictions alleged for en-

hancement, and that the appellant was the same person so convicted.

The appellant did not testify or offer any evidence.

The sole contention presented for reversal is that the trial court erred, at the close of the evidence, by proceeding with the trial in the absence of the appellant.

At his trial, the appellant, who was on bail, entered a plea of not guilty and was present during the presentation of all the evidence. When the evidence closed, about 5 P.M. on March 13, 1961, the judge announced to all parties, including appellant, that court would recess until 8 A.M., March 14, 1961, at which time the trial would resume.

When the court reconvened the next morning, all parties were present in court except the appellant. About two hours were spent trying to locate him, but to no avail. Following this, the bond of the appellant was forfeited. The court then submitted its charge to the jury, which was followed by the argument of counsel, and the jury returned its verdict of guilty in the absence of the appellant, and the judgment was entered.

Thereafter, the appellant was arrested on April 7, 1961, and appeared in open court to be sentenced on April 11, 1961. At that time, in response to the court's inquiry why he had left during the trial of his case, the appellant stated that when the court recessed about 5 P.M. March 13, he "knew he had had it", so he went to Dallas where he remained until his arrest. He further stated that his failure to be present at his trial when the court reconvened was voluntarily done; that he was not persuaded or advised to leave, or prevented from returning at such time. The court found in the judgment that the appellant voluntarily absented himself from said trial at the close of the evidence.

Article 11, V.A.C.C.P. provides that:

"The defendant in a Criminal prosecution for any offense, may waive any right secured him by Law except the right of a trial by a Jury in a felony case when he enters a plea of not guilty."

Article 692, V.A.C.C.P. reads in part as follows:

"In felony cases the defendant must be present when the verdict is read unless his absence is wilful or voluntary."

It is the prevailing rule where the offense is not capital, and the accused is on bail, that after the trial has begun in his presence and he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial. On the contrary, as authorized by the above statutes, this operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present. 16 Texas Jur. 2d 465, Sec. 293; Ex Parte Cassas, 112 Texas Cr. Rep. 100, 13 S.W. 2d 869; Ballou v. State, 113 Texas Cr. Rep. 493, 22 S.W. 2d 666; Hadley v. State, 163 Texas Cr. Rep. 571, 294 S.W. 2d 717.

The record affirmatively shows that the appellant voluntarily absented himself from the trial after announcing ready and being present during the presentation of all of the evidence.

For reversal, the appellant relies on Article 580 V.A.C.C.P, and the decisions based on its provisions. It is evident from the facts of this case that it is not here applicable.

The judgment is affirmed.

Opinion approved by the Court.