John Glenn MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 046–84.

Court of Criminal Appeals of Texas, En Banc.

June 19, 1985.

*State,* 488 S.W.2d 808 (Tex.Cr.App.1973). See also *Ex parte Tullos,* 541 S.W.2d 167 (Tex.Cr. App.1976).

Danny Doyle, Stephen M. Rienstra, on appeal only, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

1. Appellant obtained habeas corpus relief from this Court and was granted an out of time filing of this petition for discretionary review on October 5, 1983.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In his absence appellant was tried and convicted by a jury of the offense of burglary of a building, and his punishment was assessed at thirty five years confinement, enhanced. We granted appellant's petition to review the contention that the Beaumont Court of Appeals erred in holding that the jury had been "selected" at the time appellant absented himself from the proceedings, and that reversal of his conviction was therefore unnecessary under Article 33.03, V.A.C.C.P. *Miller v. State,* 623 S.W.2d 491 (Tex.App.—Beaumont 1981).[1]

Article 33.03, supra, reads:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury,[2] the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case."

The underscored clause above was added by Acts 1979, 66th Leg., p. 1832, ch. 745,

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

§ 1, eff. August 27, 1979, and is the subject of our analysis in this cause.

The pertinent procedural setting was laid out in the court of appeals' opinion as follows:

"Appellant was at liberty upon bond when the case was called for announcements upon the guilt-innocence stage of the trial and was present in court with his retained attorney. He assisted his counsel in the striking of the jury list. At the conclusion of the voir dire examination, a short recess was called while the parties exercised their peremptory challenges. After the deputy clerk had prepared the jury list, it was noticed that the appellant had not returned to the courtroom. At a hearing conducted by the Court, it was shown that after appellant had assisted his attorney in striking the jury list, he told his lawyer that he 'was going to get a match' but never returned. The Court found that 'prior to the voluntary absence of the defendant a jury was selected by the clerk as per the list tendered by the prosecution and defense counsel.'

Appellant's absence was discovered before the jury was seated and sworn and, since he was still absent after the indictment was read, the Court entered a plea of not guilty before any testimony was heard."

The court of appeals held, in effect, that the jury in this case had been "selected" within the meaning of Article 33.03, supra, at the point at which counsel for appellant and the State delivered their jury lists to the clerk pursuant to Article 35.26, V.A.C.C.P., the actual calling off of unstricken names having been deemed "purely a ministerial act." 623 S.W.2d at 494. The court further found an analogue to Article 33.03, supra, in Fed.R.Crim.P. 43, whereby a defendant's voluntary absence after trial has "commenced" in his presence will not prevent continuation of the trial. Accordingly appellant's conviction was affirmed.

Although we ultimately agree with the conclusion of the court of appeals, and will affirm its judgment herein, we take a somewhat different tack.

### I.

This Court has held, under the Sixth Amendment to the United States Constitution and Article I, § 10 of the Bill of Rights in the Constitution of Texas, that "within the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), absent a waiver of that right through defendant's own conduct as in, e.g., *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)." *Baltierra v. State*, 586 S.W.2d 553 (Tex. Cr.App.1979).

One form of conduct the Supreme Court has recognized by which an accused may accomplish a waiver of the Sixth Amendment right to be present throughout his trial is voluntarily to absent himself after trial has "commenced" with him in attendance. Thus by *per curiam* opinion in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) the Supreme Court upheld Fed.R.Crim.P. 43, which currently reads in relevant part:

"(a) **Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) **Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court

of his obligation to remain during the trial),..."[3]

The federal courts of appeals have determined that a trial "commences," under contemplation of R. 43, "at least" from the time that "the work of impaneling jurors begins," see *United States v. Miller*, 463 F.2d 600 (CA1 1972), and this is true regardless of the fact that for purposes of double jeopardy analysis, jeopardy only attaches once the jury has been impaneled and sworn, *Government of the Virgin Islands v. George*, 680 F.2d 13 (CA3 1982).

■ Under R. 43, then, an accused who is present at the time voir dire begins, but who thereafter voluntarily[4] removes himself for any length of time forfeits his Sixth Amendment right to be present for that period of time during which he was absent.[5] Under Article 33.03, supra, by contrast, an accused's right to be present at his trial is unwaivable until such a time as the jury "has been selected." Hence, whether bottomed on Article I, § 10 of the Texas Constitution or upon the Sixth Amendment, Article 33.03, supra, is a more protective provision than its federal counterpart. How much more protective depends upon how this Court chooses to construe the phrase "has been selected," and to such construction we now turn.

## II.

The 1965 Code of Criminal Procedure carried over art. 580 (1925) into present Article 33.03, supra, but added for the first time the proviso "that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion." See Acts 1965, 59th Leg., Vol. 2, p. 317, ch. 722, eff. January 1, 1966. In his Special Commentary, Judge Onion observed that "[t]he added language incorporates the existing case law into the statute...."

That case law held that:

"[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, *after the trial has begun in his presence*, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."

*Whitehead v. State*, 66 Tex.Cr.R. 482, 486, 147 S.W. 583, 585 (1912), quoting from *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). See also *Ex parte Cassas*, 13 S.W.2d 869 (Tex.Cr.App.

---

**3.** Though the statute has been amended since *Taylor*, see July 31, 1975, Pub.L. 94–64, § 3(35), 89 Stat. 376, eff. December 1, 1975, it reads in all relevant aspects as before. *Taylor*, 414 U.S. at 18, n. 1, 94 S.Ct. at 195, n. 1.

**4.** Appellant argues in his petition that this Court should adopt the standard of the Fifth Circuit enunciated in *United States v. Benavides*, 596 F.2d 137 (CA5 1979) and adopted by the Fort Worth Court of Appeals in *Moore v. State*, 656 S.W.2d 206 (Tex.App.—Fort Worth 1983), by which a determination of the voluntariness of the accused's absence is only the first step in determining whether a trial court is within its discretion to proceed with trial. Also to be considered are the following factors:
 1. likelihood that the trial could soon take place with the defendant present;
 2. difficulty of rescheduling, particularly in multi-defendant trials;
 3. burden on the government in having to undertake two trials, again particularly in multi-defendant trials; and
 4. inconvenience to jurors.

See also *United States v. Beltran-Nunez*, 716 F.2d 287 (CA5 1983).

However, on petition for discretionary review this Court reversed the judgment of the court of appeals, expressing the opinion that "[s]uch analysis is not required under Article 33.03, supra, although the trial court, in its discretion, may take such matters and others under consideration in deciding whether or not to proceed." *Moore v. State*, 670 S.W.2d 259, 261 (Tex.Cr.App. 1984). Consonant with our decision in *Moore*, supra, we find that appellant's absence in the instant case was voluntary, and that it was within the trial court's discretion to proceed with the trial—provided that the jury had been "selected" within the meaning of Article 33.03, supra, at the time appellant disappeared.

**5.** Appellant apparently remained away throughout both the guilt and punishment phases of the trial, reappearing in the statement of facts only at the sentencing proceeding.

1929); *Reed v. State,* 172 Tex.Cr.R. 122, 353 S.W.2d 850, 851 (1962).

▮ In codifying existing case law the Legislature apparently determined that "the trial has begun" once the accused has joined issue by pleading to the charging instrument, whether before judge or jury.[6] See Article 36.01, §§ 1 and 2, V.A.C.C.P. At least that was the understanding under which the 1965 proviso was amended in 1979, as shall be seen.

The 1979 amendment to Article 33.03, supra, originated as House Bill 1135. Sponsored by Representative Rudd, it sailed through both houses of the 66th Legislature without a dissenting vote. The bill analysis for H.B. 1135 identifies the impetus behind the amendment, *viz:*

"BACKGROUND INFORMATION

\* \* \* \* \* \*

The proviso relating to when a trial may proceed in the absence of the defendant was added in 1965, apparently in response to a line of Court of Criminal Appeals decisions which began in 1897 [7] and which have held that, for purposes of determining whether the prohibition of double jeopardy bars a prosecution, jeopardy 'attaches' when the defendant pleads to the indictment or information in his first prosecution.

A 1978 decision of the United States Supreme Court [8] has held, however, that jeopardy attaches when the jury is impaneled and sworn.

WHAT THE BILL PROPOSES TO DO

The bill proposes to amend Art. 33.03, Code of Criminal Procedure, to provide that a trial may proceed to its conclusion in the absence of the defendant after a jury has been selected.

BILL SYNOPSIS

The bill would amend Art. 33.03 so as to have the proviso relating to trial proceedings in the defendant's absence reflect the change in case law on the issue of double jeopardy...."

The bill analysis makes clear that, for whatever reason, the 1965 proviso had apparently drawn the line after which an accused's voluntary absence will not forestall his trial *in absentia* at the point at which jeopardy attaches. Thus, though the federal courts of appeals in construing R. 43 have found no constitutional necessity to draw the line there, see *United States v. Miller,* supra; *Government of the Virgin Islands v. George,* supra, nevertheless, it appears the 59th Legislature did so.

Having so drawn the line in 1965, the Legislature was obliged to revise the proviso in 1979 after the Supreme Court redefined the point at which this Court theretofore had found jeopardy to attach in jury trials. See *McElwee v. State,* 589 S.W.2d 455, at 458, n. 4 (Tex.Cr.App.1979). The necessity for the amendment should be obvious. Without it a small window opens through which conceivably an accused could escape prosecution altogether.[9]

---

**6.** It could perhaps be argued that as originally conceived, the phrase "pleading to the indictment or information" referred to the arraignment of the defendant. Such an interpretation would give effect to the following language from *Ex parte Cassas,* supra, at 871, which was quoted from Corpus Juris. Vol. 16, p. 817, § 2071:

"Most of the courts ... have held that defendant may waive his right to be present when the felony is not capital; that he does so if, having been released on bail, he absconds or is voluntarily absent after his *arraignment and plea,* and that in such a case the trial may proceed and the verdict may be received notwithstanding his absence[.]"

However, this interpretation was at least implicitly rejected by this Court, without comment, in

*Gonzales v. State,* 515 S.W.2d 920 (Tex.Cr.App. 1974).

**7.** *Yerger v. State,* 41 S.W. 621 (1897). See also *Steen v. State,* 92 Tex.Cr.R. 99, 242 S.W. 1047 (1922); *Fann v. State,* 138 Tex.Cr.R. 580, 137 S.W.2d 1019 (1940); *Ochoa v. State,* 492 S.W.2d 576 (Tex.Cr.App.1973); *Vardas v. State,* 518 S.W.2d 826 (Tex.Cr.App.1975).

**8.** *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

**9.** The scenario is this: An accused is present during the voir dire of the jury and is present as the jurors are impaneled and sworn. During a break before his plea is entered before the jury, the accused absconds. Under Article 33.03 as it read prior to the amendment in 1979, the trial

Argument could be made, then, that for purposes of interpreting present Article 33.03, supra, "the jury has been selected" at the point at which the Supreme Court has mandated that jeopardy attaches, *viz:* when the jury has been "impaneled and sworn." Under such an interpretation, prosecution of appellant in the instant case was clearly unauthorized by the statute, and this Court would be constrained to reverse his conviction.

For the reason about to be given, however, we do not equate "selected" with "impaneled and sworn" in construing Article 33.03, supra.

III.

If conforming Article 33.03, supra, to the present judicial assessment of when jeopardy attaches were the only objective of the Legislature in enacting H.B. 1135, it could easily have amended the statute to read that "when the defendant voluntarily absents himself ... after the jury has been impaneled and sworn when trial is before a jury, the trial may proceed to its conclusion."

[redacted] This was not, however, the sole objective, for the bill synopsis already set out in part, *ante,* continues:

> "By allowing a trial to proceed after the jury has been selected, the proposed amendment also would have the effect of allowing the trial court and the prosecution to avoid the expense and inconvenience of selecting a jury, having to discharge the jury and reset the case and undertaking the entire process again at such time as the defendant could be located and returned for trial."

Hence, another major purpose of the 1979 amendment was to avoid the need to repeat the voir dire process in situations wherein before the accused absents himself the identities of the twelve veniremen who will serve on his jury essentially have been ascertained. We will construe the phrase "has been selected" liberally to effectuate this legislative intent. See Article 1.26, V.A.C.C.P.

[redacted] Accordingly, though we would perhaps take issue with the court of appeals' conclusion that the clerk's reading out the first twelve unstricken names, pursuant to Article 35.26, supra, was "purely a ministerial act," [10] we agree that the jury had been "selected" for purposes of Article 33.03, supra, "when the parties handed in their respective jury lists, with the [peremptory] challenges noted thereon[.]" 623 S.W.2d at 494. We see no bar to such interpretation either in the Sixth Amendment, *Taylor v. United States,* supra, or in Article I, § 10 of the Texas Constitution.

The judgment of the court of appeals is therefore affirmed.

TEAGUE, Judge, concurring.

The issue that is presented to this Court in this cause is whether the Beaumont Court of Appeals correctly held that the jury had been "selected" prior to the time appellant had voluntarily absented himself from the proceedings.

The court of appeals held that "when the parties handed in their respective jury lists, with the challenges noted thereon, it was purely a ministerial act for the clerk to 'call off the first twelve names on the lists.' Art. 35.26(a), V.A.C.C.P. These unstricken names constituted the jury and had been selected (for purposes of Art. 33.03, V.A.C.C.P.), *insofar as shown by our record,* before appellant absented himself from further attendance upon his trial." (My

cannot proceed in his absence, voluntary though it is, and the jury is dismissed. However, future prosecution, should the accused later be recaptured, is arguably barred by double jeopardy, since appellant was present when the jury was impaneled and sworn, and therefore under *Crist v. Bretz,* supra, jeopardy has attached!

10. We note in this context that should the clerk misread the names, or a venireman mishear and mistakenly take a seat in the jury box, it is the defendant's responsibility to alert the trial court to the problem before the jury is sworn; otherwise he may lose his peremptory strike. See *Anderson v. State,* 142 Tex.Cr.R. 384, 154 S.W.2d 482 (1941); *Pogue v. State,* 553 S.W.2d 368 (Tex. Cr.App.1977).

Emphasis). *Miller v. State*, 623 S.W.2d 491 (Tex.App.—Beaumont 1981).

Art. 35.26(a), supra, provides in pertinent part as follows:

When the parties have made or declined to make their peremptory challenges, they shall deliver their lists to the clerk. Except as provided in subsection (b) of this section, (which is not applicable to this cause), the clerk shall, if the case be in the district court, call off the first twelve names on the list that have not been stricken ... Those whose names are called shall be the jury.

Art. 33.03, V.A.C.C.P., in pertinent part, provides that a defendant may waive his right to be present at his trial, inter alia, if he voluntarily absents himself after the jury has been "selected" when trial is before a jury.

It is obvious to me that the court of appeals decided this cause by construing Art. 35.26(a), supra, with Art. 33.03, supra, or vice versa. Because I believe that the court of appeals used the right tack, even though its opinion might have some loose language therein that is unnecessary to its opinion, I would refuse appellant's petition for discretionary review as having been improvidently granted.

The facts of this cause reflect that during the jury selection process, but prior to the clerk calling off the first twelve names on the jury lists which had not been stricken by the parties, appellant voluntarily absented himself from any further proceedings. The trial court found, after a hearing, that "prior to the voluntary absence of the defendant a jury was selected by the clerk as per the list tendered by the prosecution and defense counsel." thus ruling over objection that the trial must go on, even without the presence of the star, the appellant.

It should be obvious to anyone that in this instance the jury that was going to hear appellant's case was not "selected" until it was first determined which twelve individuals were in fact the first twelve who had not been stricken by the parties or excused by the trial judge. Thus, I do not believe, as the majority opinion implies, that the issue can be resolved without considering the provisions of Art. 33.03, supra, in conjunction with the provisions of Art. 35.26(a), supra, or vice versa, which is why I must only concur.

In *Pogue v. State*, 553 S.W.2d 368 (Tex. Cr.App.1977), this Court held that where, before the jury was sworn, but after the clerk had called out the names of those individuals who would make up the jury, the defendant's attorney called the trial court's attention to the fact that a juror whom counsel had struck was going to be mistakenly allowed to sit on the jury, it was reversible error for the trial court to allow that juror to continue to serve. Cf. *Acosta v. State*, 522 S.W.2d 528 (Tex.Cr. App.1975); *Bagwell v. State*, 657 S.W.2d 526 (Tex.App.—Corpus Christi 1983) (P.D.R. Refused).

In this instance, appellant does not assert that there was anything wrong with the jury lists that were filed with the clerk, which reflected the names of the first twelve persons whose names had not been stricken by either side or had not been excused by the trial court. Art. 35.26(a), supra. Thus, the jury that heard this cause was in fact the jury that had been "selected" by the parties to hear appellant's cause prior to appellant voluntarily absenting himself, causing the provisions of Art. 33.03, supra, to come into play.

Because the record clearly reflects that the jury had been "selected" prior to the time appellant voluntarily absented himself, the majority correctly holds that pursuant to Art. 33.03, supra, appellant waived his right to be present during his trial.

For the above reasons, I only concur.