

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00210-CR

_____

ZACKERY JAMARCIER SUMMAGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0058X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

During a consensual search of Zackery Jamarcier Summage's vehicle, police officers found marihuana and a large stack of cash. After the discovery, as officers attempted to restrain him, Summage grabbed the cash, punched an officer in the face, and fled into a wooded area. The incident resulted in Summage's conviction for assault on a public servant and a sentence of eight years' confinement. On appeal, Summage argues that the trial court erred in proceeding with trial in his absence because his absence occurred before the jury had been selected and his absence was involuntary. Summage also argues that, because the appellate record did not initially contain the parties' list of peremptory strikes, it failed to demonstrate that the first twelve eligible panelists were seated on the jury.

We affirm the judgment of the trial court, because (1) the jury was selected before Summage's absence, (2) the trial court did not abuse its discretion in conducting part of the trial in Summage's absence, and (3) the first twelve eligible jurors were seated.

*(1)    The Jury Was Selected Before Summage's Absence*

"One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). Article 33.03 of the Texas Code of Criminal Procedure provides that a defendant must be personally present at the trial of a felony unless he "voluntarily absents himself . . . after the jury has been selected when trial is before a jury, [in which case] the trial may proceed to its conclusion." TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). Thus, "[a]fter commencement of trial proceedings, a defendant may voluntarily absent himself from the trial

2

without a violation of his Sixth Amendment right to be present during all phases of the trial." *Ashley v. State*, 404 S.W.3d 672, 680 (Tex. App.—El Paso 2013, no pet.) (citing *Taylor v. United States*, 414 U.S. 17, 18–19 (1973) (per curiam); *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.—Dallas 2000, pet. ref'd)). "This is because the Supreme Court has recognized that a defendant's conduct in voluntarily absenting himself after his trial has commenced with him in attendance amounts to a forfeiture of his Sixth Amendment right to be present during the time he is absent." *Id.* (citing *Taylor*, 414 U.S. at 18–19; *Miller*, 692 S.W.2d at 90–91).

Summage questions whether, before his absence, the jury had been "selected," within the meaning of Article 33.03. A jury "has been selected," within the meaning of the Texas Code of Criminal Procedure, when the makeup of the jury "essentially has been ascertained." *Heard v. State*, 887 S.W.2d 94, 99 (Tex. App.—Texarkana 1994, pet. ref'd) (citing *Miller*, 692 S.W.2d at 93). Thus, for purposes of Article 33.03, a "jury ha[s] been selected when the parties [have] handed in their respective jury lists marked with their peremptory challenges." *Id.* (citing *Miller*, 692 S.W.2d at 93). Summage contends that, because the appellate record does not contain the parties' peremptory strike lists, he was required to be present until the jury was sworn. We disagree.

Although Summage was late to court on the morning of voir dire, he arrived as the jury panel was seated and before voir dire began.[1] The reporter's record demonstrates that, after both parties questioned the jury panel, the trial court asked the parties to deliver to the court their challenges to the panel. While Summage was present, the parties discussed their challenges for

---

[1]The jury panel was sworn in Summage's presence.

cause with the trial court. After this discussion, the reporter's record indicates that the trial court held a recess to discuss the parties' peremptory strikes. Though the clerk's record did not initially contain the parties' respective jury lists marked with their peremptory challenges, the record was later supplemented to include this information. The reporter's record further reflects that the jurors were selected and seated in Summage's presence after his counsel assured the trial court that Summage had no objections to the selected jurors.

Because the appellate record establishes that Summage was present until the jury had been selected, he was eligible to voluntarily absent himself from the trial. Thus, we overrule this point of error.

*(2)    The Trial Court Did Not Abuse Its Discretion in Conducting Part of the Trial in Summage's Absence*

On the morning of the guilt/innocence phase of the trial, counsel informed the trial court that she had received a text message from Summage indicating that he was driving from Shreveport, Louisiana, and would be late. Counsel asked the trial court to "give [her] a moment just to text him and let him know that we're starting this trial." After noting that Summage had a habit of being late to court, the court allowed counsel to call Summage to inquire into his whereabouts. After placing the call, counsel reported that Summage claimed he had to assist his mother, who had an unspecified medical condition, and that he was only ten minutes away. Instead of further delaying the proceedings, the trial court, without Summage being present, swore the jury in and entered a plea of "not guilty" for him. Counsel made no motion for continuance and agreed to start the trial. The reporter's record did not indicate when Summage entered the courtroom, but

4

does show that the State's second witness made an in-court identification of Summage towards the end of his direct testimony.

Summage argues that the trial court erred in finding that he had voluntarily absented himself and in continuing with the trial in his absence. We review for an abuse of discretion the trial court's decision that a defendant was voluntarily absent. *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984)). As long as there is some evidence before the trial court from which it can infer that the defendant was voluntarily absent, abuse of discretion cannot be shown. *See Heard*, 887 S.W.2d at 99; *Stokes v. State*, 701 S.W.2d 54, 56 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (citing *Moore*, 670 S.W.2d at 261). "The defendant must provide evidence to refute the trial court's determination, or we will not disturb the trial court's finding." *Hudson v. State*, 128 S.W.3d 367, 375–76 (Tex. App.—Texarkana 2004, no pet.).

Counsel informed the trial court that Summage was late to trial because he was assisting his mother, who had an unspecified medical condition. From this statement, the trial court could infer that Summage's absence was voluntary. *See Nauls v. State*, 762 S.W.2d 336, 338 (Tex. App.—San Antonio 1988, no pet.) (evidence that defendant was assisting his girlfriend who had suffered medical emergency on morning of trial did not refute trial court's determination that defendant's absence was voluntary).[2]

---

[2]Furthermore, Summage's counsel did not raise an objection concerning the voluntariness of his absence or move for a continuance. *See Routier v. State*, 112 S.W.3d 554, 575–76 (Tex. Crim. App. 2003) (concerning effect of failure to contest the issue of voluntariness); *Aguirre v. State*, 695 S.W.2d 793, 794 (Tex. App.—San Antonio 1985, no pet.).

"The busy trial courts of our state cannot stop the wheels of an already burdened criminal justice system because a defendant chooses to be absent from his own trial." *Sanchez v. State*, 842 S.W.2d 732, 733 (Tex. App.—San Antonio 1992, pet. ref'd). In the absence of any evidence that a defendant's absence was involuntary, we "engage in the presumption that the trial court finding regarding the voluntariness of appellant's absence is correct." *Aguirre*, 695 S.W.2d at 794 (citing *Gonzales v. State*, 515 S.W.2d 920, 921 (Tex. Crim. App. 1974)). Summage was free on bond, and there was no evidence that he was involuntarily absent. He chose to be late—continuing a pattern of tardiness—by deciding to assist his mother with her unspecified medical condition.

The trial court did not abuse its discretion in finding that Summage voluntarily absented himself and forfeited his right to be present during the time he was absent. *See Taylor*, 414 U.S. at 18–19; *Miller*, 692 S.W.2d at 90; *Ashley*, 404 S.W.3d at 680. We overrule this point of error.

*(3)    The First Twelve Eligible Jurors Were Seated*

Summage also argues that fundamental error occurred because the record did not demonstrate that the first twelve eligible panelists were seated on the jury since it did not initially contain the parties' peremptory strikes. The appellate record was supplemented to include the initially missing information. We overrule this point of error.

We affirm the trial court's judgment.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     May 20, 2015
Date Decided:       June 3, 2015

Do Not Publish