NUMBER 13-15-00442-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RANDY EUGENE SMITH,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 24th District Court of
### Calhoun County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Justice Garza

A jury found appellant, Randy Eugene Smith, guilty of forgery, a state-jail felony enhanced to a second-degree felony by two prior felony convictions.  *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (West, Westlaw through 2015 R.S.); *id.* § 12.425(b) (West, Westlaw through 2015 R.S.).  The jury sentenced appellant to twenty years' imprisonment and a $10,000 fine.  By two issues, appellant contends:  (1) the trial court erred by failing

to make a finding that he voluntarily absented himself from trial; and (2) defense counsel was ineffective for failing to object to appellant's trial *in absentia*. We affirm.

## I. BACKGROUND

In August of 2013, Smith was indicted for forgery. On March 9, 2015, a jury was chosen, seated, and sworn. Appellant entered a plea of "not guilty" and the attorney for the State of Texas and appellant's counsel presented opening statements. The court then recessed for the evening.

The next morning, March 10, 2015, appellant was not present. No objection was made by defense counsel or the State's prosecutor that trial was proceeding without appellant being present. After both sides had rested and closed, in open court and outside the presence of the jury, the trial judge noted that appellant was not present in the courtroom because he had failed to appear for the first day of the presentation of evidence in his trial.

In closing arguments, both the attorney for the State and defense counsel acknowledged that, when a defendant voluntarily absents himself from trial, the trial may proceed to a conclusion through the punishment phase as long as the defendant was present for jury selection and entering a plea. The trial court instructed the jury during the guilt-innocence phase and in the punishment phase against drawing a negative inference of guilt from appellant's choice not to testify. The jury found appellant guilty.

That same day, the trial court held a hearing to determine appellant's punishment. The jury found the allegations in the State's two enhancement paragraphs "true," and assessed punishment at twenty years' imprisonment and a $10,000 fine.

Because appellant remained absent, his sentencing hearing was not held until six months later on August 27, 2015. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, §1 (West, Westlaw through 2015 R.S.) (stating generally that sentence must be pronounced in defendant's presence). In accordance with the jury's verdict, appellant was sentenced to twenty years in prison and was fined $10,000. At this hearing, the court asked appellant if there was any legal reason why the punishment should not be imposed. Appellant and his defense counsel both answered in the negative.[1]

## II. FORMAL FINDING OF VOLUNTARY ABSENCE

By his first issue, appellant contends the trial court abused its discretion by continuing the trial without making a formal finding that he was voluntarily absent.

### A. Standard of Review and Applicable Law

A trial court's determination that a defendant is voluntarily absent from a trial is generally reviewed for an abuse of discretion. *Papkostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984)). As long as there is "some evidence" to support the trial court's determination that a defendant is voluntarily absent from trial, then that determination will be upheld. *Moore*, 670 S.W.2d at 261.

Generally, a defendant must be present at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West, Westlaw through 2015 R.S.). However, in the trial of a felony, the trial court can continue a trial if the defendant voluntarily absents himself from the courtroom after the entry of a plea or after the selection of a jury. *See id.* Although the trial court

---

[1] On the same day as the sentencing hearing, appellant pleaded guilty to felony bond-jumping, a third-degree felony offense. At the plea hearing on that offense, appellant stated that he left because he learned that there was a contract out on his life, he was in fear for his life, and was not "thinking straight."

3

must make a decision as to whether an absence was voluntary or not, the court of criminal appeals has noted that appellate review of that decision is essentially a review, in hindsight, of the validity of the trial court's determination that the defendant's absence was voluntary. *See Moore,* 670 S.W.2d at 261. The court of criminal appeals has held that an appellate court will not disturb the trial court's finding of voluntary absence unless the defendant provides evidence to refute the trial court's determination. *Id.*

While a defendant has a right to be present during all phases of the trial and "to be confronted with the witnesses against him," a defendant who voluntarily absents himself from the trial after its commencement does so without a violation of his Sixth Amendment right to be present during all phases of the trial and to confront his witnesses. *Miller v. State*, 692 S.W.2d 88, 90–91 (Tex. Crim. App. 1985); *Ashley v. State*, 404 S.W.3d 672, 680 (Tex. App.—El Paso 2013, no pet.). Stated another way, the right to be present during a trial is a right that can be forfeited or waived by a defendant. *Miller*, 692 S.W.2d at 90; *Ashley*, 404 S.W.3d at 680. Reviewing courts are not limited only to the record before the trial court at the time of the ruling, but may also use subsequent knowledge of the circumstances surrounding a defendant's failure to attend his trial. *Moore*, 670 S.W.2d at 261.

## B. Analysis

First, appellant argues that his Sixth Amendment confrontation clause rights were violated because he was deprived of his right to confront his accusers during trial. Second, appellant argues that the trial court erred by failing to make a finding that he voluntarily absented himself. However, appellant fails to provide any authority, and we

find none, requiring the trial court to make a formal finding that appellant voluntarily absented himself from trial.

Appellant attended his first day of trial, which consisted of choosing, seating, and swearing in the jury. Appellant also entered a plea of "not guilty," and the State's attorney and defense counsel presented opening statements. Appellant was present when the trial court informed the jury that the proceedings would begin the next morning, March 10, 2015, at nine o'clock. On the day of his sentencing hearing, in a plea hearing on a related offense, appellant stated that he left because he learned of a contract on his life; however, he made no assertion that his absence was involuntary.

Neither article 33.03 of the Texas Code of Criminal Procedure nor case law requires a trial court to make an express formal finding that a defendant's absence from trial is voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03. Article 33.03 provides in part that, "[i]n all prosecutions for felonies, the defendant must be personally present at the trial . . . provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion." *See id*; *see Moore*, 670 S.W.2d at 261 (finding that trial court could have reasonably inferred that defendant voluntarily absented himself where defendant was informed of when and where to appear and neither court nor defendant's counsel received any communication from defendant explaining his absence). Here, by continuing the trial even though appellant was absent, the trial court impliedly found that appellant voluntarily absented himself from trial.

Because the trial court met the requirements of article 33.03, we conclude that appellant's Sixth Amendment confrontation clause rights were not violated. *See* TEX.

5

CODE CRIM. PROC. ANN. art. 33.03.  Accordingly, there was no abuse of discretion in the trial court's decision to continue the trial despite appellant's voluntary absence.

### III.    INEFFECTIVE ASSISTANCE

By his second issue, appellant contends that defense counsel was ineffective by not objecting to the continuation of trial without appellant being present and by not objecting to the State's remarks during the trial that appellant was absent voluntarily. Appellant argues these remarks helped the State suggest that appellant had run away rather than face his trial.

We note that, as appellant acknowledges, no remarks were made regarding appellant's absence during the trial.  During his closing remarks, defense counsel stated:

> Ladies and gentlemen, you also learned one of the facts in a criminal proceeding is that you can proceed in a criminal proceeding when the defendant is not present.  He's not here today with me so I'm left to argue on his behalf.  And that's part of my job.  I have to speak on his behalf and give you what I can in regard to his defense.

Then, during his closing remarks, the prosecutor stated:

> When you voluntarily absent yourself from the trial, the trial proceeds, and he was here yesterday and entered his plea of not guilty so we can finish up the trial, we can go all the way through punishment.  The only thing that can't be done is the sentencing if we get to that point.

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that:  (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex*

6

*parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

The State argues that appellant failed to show that his counsel's performance was deficient and that the alleged deficiency prejudiced appellant, and thus deprived appellant of a fair trial. The State further argues appellant has not presented a record which supports his contention that counsel's performance was unreasonable, unprofessional, or without plausible tactical reasoning. Therefore, the State argues appellant failed to overcome the presumption that defense counsel's performance was reasonable. Moreover, while appellant argues that defense counsel's performance was deficient because he did not object to the State's references regarding his absence from his trial, the State argues that all references were made in a matter-of-fact manner without any prejudice directed toward appellant.[2]

We have already found there was no abuse of discretion when the trial court allowed the continuation of the trial after the defendant voluntarily absented himself after the swearing of the jury. Accordingly, defense counsel was not ineffective when he failed to object to the trial *in absentia* and to the references to appellant's absence. *See Varughese v. State*, 892 S.W.2d 186, 192 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding counsel is not ineffective for not objecting to State's proper argument). The record is clear in this case that appellant was present for jury selection and for the entry of his plea of "not guilty." After entering his plea, appellant did not communicate to the trial court or his attorney that he would not return to court on March 10, 2015. Moreover, the trial record is silent as to why defense counsel did not object to the continuation of the trial without appellant being present or to the references to appellant's absence.

---

[2] According to the record, there were no references to appellant's absence during the presentation of evidence at trial. Defense counsel first mentioned appellant's absence during closing argument. The prosecutor then briefly mentioned appellant's absence in closing.

Accordingly, appellant has not shown that his counsel was ineffective for failing to object to the trial *in absentia* and to the references to his absence. We overrule appellants' second issue.

We conclude that: (1) the trial court did not err in failing to make a formal finding that appellant voluntarily absented himself, and (2) appellant's counsel was not ineffective for failing to object to appellant's trial *in absentia* or the State's comments regarding his absence.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.

9