**AFFIRM and Opinion Filed October 25, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-00422-CR
_____

**ARACELY MEZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-00230-U**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Schenck
Opinion by Chief Justice Burns

Following a jury trial, Aracely Meza appeals her conviction for injury to a child causing serious bodily injury. The jury assessed punishment at ninety-nine years' confinement and a $10,000 fine. Appellant contends the trial court erred by conducting a pretrial hearing in her absence. We affirm.

A two-year-old child died after a period of time in appellant's care. Appellant was indicted for injury to a child on March 21, 2016. The indictment alleged she intentionally and knowingly by omission caused serious bodily injury to a child younger than fourteen by failing to provide adequate nutrition and adequate hydration and by failing to seek adequate medical care.

In her sole point of error, appellant complains about not being present at a May 12, 2016 pretrial hearing. At the time of the hearing, the case was set for a jury trial on May 31, 2016. Appellant was out on bond. Her trial was eventually held almost two years later, in March 2018.

Appellant argues it was error under both the Confrontation Clause and article 28.01 of the Texas Code of Criminal Procedure to proceed with the hearing in her absence. She maintains that her right to be present at the hearing was "unwaivable" and that the error defies a harm analysis because there is insufficient data upon which to make such an analysis.

The code of criminal procedure requires a defendant's presence at any pretrial proceeding. TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1. In addition, the right to confrontation under the Sixth Amendment includes the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against her, absent a waiver of that right through the defendant's own conduct. [1] *Miller*, 692 S.W.2d at 90; *see Illinois v. Allen*, 398 U.S. 337, 338 (1970). A defendant in a criminal prosecution for a non-capital offense may waive any rights secured her by law. TEX. CODE CRIM. PROC. ANN. art. 1.14.

When a defendant's statutory or constitutional right to be present during trial has been violated, an appellate court considers whether the defendant's presence bore a reasonably substantial relationship to her opportunity to defend herself. *Adanandus v. State*, 866 S.W.2d 210, 219–20 (Tex. Crim. App. 1993). This test seeks to determine the effect of the defendant's absence on the advancement of her defense. *Id*. If there is no reasonably substantial relationship, any error is harmless. *Id.*; *see also Suniga v. State*, No. AP-77,041, 2019 WL 1051548, at *10–11 (Tex. Crim. App. Mar. 6, 2019) (per curiam, not designated for publication).

At the start of the May 12 hearing, the judge asked if appellant was present. Her attorney responded that appellant was not in court and understood her attorney was "going to handle it." The judge asked if appellant was okay with counsel waiving her appearance. Counsel answered affirmatively.

---

[1] A defendant also has a due process right to be present at a proceeding to the extent that a fair and just hearing would be thwarted by her absence. *U.S. v. Gagnon*, 470 U.S. 522, 526 (1985). Appellant does not make a due process argument in this case.

The judge stated her understanding that the State had some "additional issues" it wanted to put on the record. The prosecutor said she had turned over everything in her file to defense counsel. The prosecutor and defense counsel went through various evidentiary items and counsel confirmed he was in possession of them. Defense counsel was not in possession of several forensic interviews, but had watched them. The prosecutor had previously provided defense counsel with a list of experts and was going to supplement the information with the curriculum vitae of one expert.

Defense counsel was then given the opportunity to address the judge. Counsel voiced his concern that a translator and a certain witness would be present at trial. He then asked for later hearings on a motion to suppress appellant's video and written statements to police and a motion in limine regarding "resurrection attempts" on the dead child. The judge asked the parties to tender a copy of the videos ahead of time.

Next the parties discussed their difficulties obtaining a copy of the child's death certificate and autopsy from Mexico. (After the child's death, his parents took his body to Mexico.) The prosecutor said the State had been diligent in trying to get the information but had "hit wall after wall." Defense counsel said the information was crucial and urged the State to be aggressive in its attempts to get it. The judge indicated that if the information did not come through, it would be cause for resetting the case. The recorded portion of the hearing then concluded.

On May 31, 2016, when the case was called for trial, defense counsel moved for a continuance. The parties confirmed the existence of an autopsy, but were still working on getting it from "some legal entity in Mexico." Appellant asked the court to continue the case in the interest of justice so the autopsy could be obtained and translated into English. The court granted the motion.

When the case eventually went to trial in 2018, no autopsy or death certificate was admitted into evidence. Appellant sought to introduce a copy of a Mexican death certificate, but the trial

court admitted it for record purposes only, ruling that it was inadmissible because it could not be authenticated. During closing argument, defense counsel acknowledged that the jury should find appellant guilty, but urged jurors to find her guilty of recklessly, rather than intentionally or knowingly, causing serious bodily injury to a child. The jury found appellant guilty as charged.

The record reflects that appellant, through her counsel, waived her right to be present at the May 12 pretrial hearing. Appellant asserts that her right to be present was "unwaivable," citing *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). The defendant in *Miller* left the courtroom during voir dire and did not return. The applicable statute was article 33.03 of the code of criminal procedure, which provides that an accused's right to be present *at trial* is unwaivable until the jury has been selected. TEX. CODE CRIM. PROC. ANN. art. 33.03; *Miller*, 692 S.W.2d at 91. The issue before the court of criminal appeals was whether the jury had been selected before the defendant absented himself from the proceedings. This case involves appellant's right to be present at a pretrial hearing. Appellant has not demonstrated that the trial court erred in accepting defense counsel's waiver of appellant's right to be present. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14.

Even if there was error, there was no harm. We disagree with appellant's contention that it is impossible to determine if she was harmed. Appellant was zealously represented by counsel at the hearing. No motions were presented or argued, nor did the trial court make any rulings at that time. Appellant's presence did not bear a reasonably substantial relationship to the opportunity to defend. No harm or prejudice was shown as a result of her absence. *See Adanandus*, 866 S.W.2d at 220. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180422F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARACELY MEZA, Appellant

No. 05-18-00422-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-00230-U.
Opinion delivered by Chief Justice Burns. Justices Whitehill and Schenck participating.

Based on this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2019.