# NO. 12-21-00201-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEIF EPPERSON-GONZALEZ,* *APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Leif Epperson-Gonzalez appeals his convictions for assault family violence - impeding breath or blood, attempted burglary of a habitation, and evading arrest or detention with a vehicle. In three issues, Appellant argues that the trial court violated his constitutional right to be present at all phases of trial under the Confrontation Clause. We affirm.

## BACKGROUND

Appellant was charged by indictment with assault family violence - impeding breath or blood, attempted burglary of a habitation, and evading arrest or detention with a vehicle. By notice of enhancements, the State further alleged that Appellant had two, prior felony convictions. Appellant pleaded "not guilty" to each charge, and the matter proceeded to a jury trial. After the jury found Appellant "guilty" of each charged offense, the matter proceeded to a trial on punishment, which upon Appellant's counsel's suggestion, the trial court ordered Appellant to observe remotely via Zoom video conferencing due to his inability to control his disruptive behavior. Ultimately, the jury found the enhancement allegations each to be "true" and assessed Appellant's punishment at imprisonment for life for each conviction. The trial court sentenced Appellant accordingly, and this appeal followed.

**CONFRONTATION CLAUSE - RIGHT TO BE PRESENT AT ALL PHASES OF TRIAL**

In his first issue, Appellant argues that the trial court abused its discretion in ordering that he observe remotely his trial on punishment because doing so violated his right to be present at all phases of trial under the Confrontation Clause. In his second issue, he contends that he did not waive his right to be present in court. In his third issue, he argues that the trial court's abuse of discretion was harmful and amounts to reversible error.

**Standard of Review and Governing Law**

We review a trial court's decision to exclude a criminal defendant from trial for an abuse of discretion. *See Monreal v. State*, 546 S.W.3d 718, 733 (Tex. App.–San Antonio 2018, pet. ref'd); *Kessel v. State*, 161 S.W.3d 40, 44 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd); *see also Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 1060–61, 25 L.Ed.2d 353 (1970) (courts must be given sufficient discretion to determine appropriate manner of handling disruptive defendant in courtroom). We will uphold the trial court's ruling so long as it is "within the zone of reasonable disagreement." *Monreal*, 546 S.W.3d at 733.

Both the United States Constitution and the Texas Constitution require any defendant threatened with the loss of liberty to be physically present at all phases of the criminal proceedings against him. *See* TEX. CONST. art. I, § 10; *Monreal*, 546 S.W.3d at 733; *Sanchez v. State*, 702 S.W.2d 258, 259 (Tex. App.–Dallas 1985, pet. ref'd) (criminal defendant has a fundamental right be present at every stage of his trial). However, a court may, in its discretion, find it necessary to remove a defendant from the courtroom for acting in a disruptive, obstreperous, or contemptuous manner. *Monreal*, 546 S.W.3d at 733; *see also Morrison v. State*, 480 S.W.3d 647, 656 (Tex. App.–El Paso 2015, no pet.). Recognizing the need for flexibility in dealing with such defendants, the Supreme Court in *Allen* held a trial court may deal with a disruptive defendant in *at least* "three constitutionally permissible" ways: (1) allow the defendant to remain in the courtroom, but have the defendant bound and gagged; (2) cite the defendant for contempt, which could require the court to discontinue the trial and imprison the defendant until such time as the defendant promises to behave himself; or (3) remove the defendant from the courtroom "until he promises to conduct himself properly." *Monreal*, 546 S.W.3d at 733 (citing *Allen* 397 U.S. at 344–45, 90 S. Ct. at 1061–62) (emphasis added).

## Discussion

In the instant case, while the jury was deliberating on the matter of Appellant's innocence or guilt, the following exchange occurred in open court:

> THE COURT: Constable Cole has indicated Mr. Gonzalez is acting very belligerent out there. Just want to bring up -- asking if y'all want him to be excluded for the rest of the trial.
>
> [PROSECUTING ATTORNEY 1]: That's up to you. I don't know if you have an objection to that at this point.
>
> [DEFENDANT'S ATTORNEY]: Judge, I -- I -- legally, I'll be honest. I don't know what my recourse is at this point. I want the record to note that I have dealt with Mr. Gonzalez throughout the duration of this appointment. I have tried to represent Mr. Gonzalez to the best of my legal ability. I don't know that going forward I will have any better luck trying to restrain and control Mr. Gonzalez.
>
> [PROSECUTING ATTORNEY 1]: I've asked [PROSECUTING ATTORNEY 2] to hurry himself back over here. We have a little bit of time, I would think, before we hear something from them. But when they come out, they will have a verdict. So whatever situation he's in is not going to affect the verdict at that point.
>
> THE COURT: The question is, does he need to be here when the verdict is read?
>
> [PROSECUTING ATTORNEY 1]: I don't know about that. I know that there is --
>
> [DEFENDANT'S ATTORNEY]: I think the confrontation clause allows him to confront his accusers. I think that has happened, your Honor. I think we have met that burden.
>
> THE COURT: What if we get to the punishment phase?
>
> [PROSECUTING ATTORNEY 1]: Well, the punishment phase will be different. I believe in the punishment phase -- I mean, he can be restrained at that point, right?
>
> [DEFENDANT'S ATTORNEY]: I think that's going to -- I think any attempt to restrain him, number one, is not going to be successful with his outbursts; number two, I don't think -- I think that will prejudice the jury. My only other suggestion -- my only other suggestion is we allow them to take him back.
>
> . . . .
>
> [DEFENDANT'S ATTORNEY]: My only other suggestion for the Court is to allow him to be taken back and put him on Zoom and mute him.
>
> [PROSECUTING ATTORNEY 1]: I think we might be able to do something like that. I mean, we've -- courts have had Zoom court. I don't know what all of the particulars were about where they put the defendant and where they had the jury and all of that stuff. I will let the esteemed [PROSECUTING ATTORNEY 2] take it from here.
>
> THE COURT: [PROSECUTING ATTORNEY 2], the issue has come up of Mr. Gonzalez's outburst and behavior out in the hallway. We removed him from the courtroom. Just we need to know if we can exclude him permanently through the rest of the trial if we have a punishment phase.

[DEFENDANT'S ATTORNEY]: What I have recommended -- and I'll repeat for the record -- is several things. Number one, I've done the best to my ability to control and contain Mr. Gonzalez throughout this trial and have been somewhat successful until right here. I do not think, since he's opened that door, that his outbursts are going to quit. I think once they start, they're going to continue. I think if we restrain him at the table, it's going to be prejudicial to the jury during sentencing. What I have recommended to Judge -- I don't know if it's legal. What I have recommended is take him back to the jail where there are jailers who know how to take care of him, put him on Zoom, and mute him.

[PROSECUTING ATTORNEY 2]: I think Zoom would be fine.

THE COURT: Okay. Let's take him back to the jail, Houston County. Have him, I guess, stand by or wait on Zoom.

[PROSECUTING ATTORNEY 2]: The only, maybe, caveat I would say to that is somehow having communication with his attorney, whether it's through a phone there and phone here or something. I don't know. Because that's -- that may be the only problem with this.

[DEFENDANT'S ATTORNEY]: I don't think so.


Appellant makes no argument that his behavior was not disruptive as was described by the trial court. Instead, he argues only that the trial court violated his rights under the Confrontation Clause, which are not forfeitable by a failure to object, by placing him in a separate room where he was unable to communicate with his trial counsel. However, an accused may waive his Sixth Amendment right to be present throughout trial. *See, e.g.*, ***Miller v. State***, 692 S.W.2d 88, 90–91 (Tex. Crim. App. 1985) (waiver may occur by defendant's voluntarily absenting himself after trial has "commenced" with defendant in attendance).

In ***Monreal***, the court was faced with a similar scenario. There, the defendant was disruptive during his trial on punishment while his trial counsel cross examined a witness and, as a result was removed from the courtroom. *See **Monreal***, 546 S.W.3d at 732. During the ensuing recess in proceedings, the trial court asked the defendant's counsel if he wanted the defendant brought back to the courtroom or if he believed it was better for defendant not to be present. *See id.* The defendant's counsel responded that he believed that the defendant was so passionate about the testimony that he simply would continue his previous outbursts, which would delay proceedings and may prejudice him in front of the jury. *See id.* The court of appeals held that the trial court did not abuse its discretion in removing the appellant from the courtroom because he acted in a disruptive, obstreperous, or contemptuous manner. *See id.* (citing ***Ramirez v. State***, 76 S.W.3d 121, 129–30 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (holding that "[w]here both the trial judge and appellant's counsel agree that appellant should be removed from the

4

courtroom, we presume appellant's tone, volume, or demeanor must have been highly disruptive" and "[a]s the trial court lacked reason to believe appellant's misbehavior would cease, appellant's expulsion was not constitutionally improper").

Here, Appellant's trial counsel did more than merely agree that Appellant should be removed from the courtroom for the remainder of the proceedings; he was the first to suggest it. In so doing, he conveyed to the trial court that despite his best efforts, Appellant's disruptive behavior likely would continue and that Appellant's viewing the proceedings remotely would likely be preferable to the traditional alternative of Appellant's remaining in the courtroom under restraint. *See, e.g., Allen*, 397 U.S. at 344–34, 90 S. Ct. at 1061–62. Moreover, he suggested the manner in which Appellant would be able to observe the proceedings remotely and declined to provide a means whereby Appellant could communicate with him. Therefore, we conclude that Appellant's expulsion from the courtroom was not constitutionally improper and that his not returning to the courtroom for the remainder of the proceedings was not due to any abuse of discretion on the trial court's part. *See Moreal*, 546 S.W.3d at 733; *Ramirez*, 76 S.W.3d at 129–30.

Further still, it was not the trial court's determination that Appellant should not return to the courtroom. That decision was made by defense counsel on Appellant's behalf because counsel believed Appellant's disruptive conduct would continue. *See Monreal*, 546 S.W.3d at 733. The right to be present in the courtroom "must be implemented by the judicial system unless expressly waived." *Id.* at 733–34; *see Kessel*, 161 S.W.3d at 44 n.1; *cf., e.g., Hill v. State*, No. 02-06-00094-CR, 2007 WL 866476, at *8 (Tex. App.–Fort Worth Mar. 22, 2007, pet. ref'd) (mem. op., not designated for publication) ("Here, the trial court agreed to Appellant's trial counsel's request that the record reflect that Appellant had decided to voluntarily absent himself from trial [by intentionally ingesting drugs he purchased from other inmates], implicitly finding that Appellant's absence was voluntary."). Thus, we further conclude Appellant's trial counsel "expressly waived" Appellant's right to return to the courtroom. *See Monreal*, 546 S.W.3d at 734. Appellant's first and second issues are overruled.[1]

---

[1] Because we have overruled Appellant's first and second issues, it is unnecessary to conduct a harm analysis in response to Appellant's third issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-21-00201-CR**

**LEIF EPPERSON-GONZALEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 11080)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*